## HUNT v. TOWNSHIP OF LINCOLN.

1. DEFECTIVE HIGHWAYS—EVIDENCE.
   That teams are driven in safety over a highway is not conclusive that it is in reasonably safe condition for public travel.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where plaintiff had driven in safety over a mudhole in a highway the day before and the fall before his injury while undertaking to drive over it, and others had driven over in safety, and there was no evidence that he could have avoided driving over it, the question of his contributory negligence was for the jury.

3. SAME—RIDING ON LOAD.
   One is not guilty of contributory negligence, as a matter of law, in riding upon a loaded wagon over a mudhole, into which the forward wheels drop with such force as to throw him off.

Error to Isabella; Snow, J., presiding.    Submitted October 16, 1902.    (Docket No. 79.)    Decided November 18, 1902.

Case by James H. Hunt against the township of Lincoln for personal injuries.    From a judgment for plaintiff, defendant brings error.    Affirmed.

Plaintiff, on April 9, 1901, was drawing over the defendant's highway to market a load of bolts, 28 inches long, loaded in a rack with long boards at the sides, and piled about 3½ feet high.    The wagon tires were 3 inches wide.

The forward wheels dropped into a mudhole with such force that it threw plaintiff from the load and seriously injured him.    It is claimed by the plaintiff that the highway was not in a reasonably safe condition for public travel on account of this hole, and that it had existed for a long time.    It is urged on the part of the defendant that the highway had been repaired and put in suitable condition the previous fall, and that the hole was no other than an ordinary mudhole, common in our country roads in the spring when the frost is coming out of the ground and rains falling.    The defense is that there was no negligence shown on the part of the defendant, and that the plaintiff was guilty of contributory negligence.    The questions were submitted to the jury, who found for the plaintiff.

*H. A. Sanford* and *Searl & Kress*, for appellant.

*F. H. Dodds* and *Russell & McNamara*, for appellee.

GRANT, J. (*after stating the facts*).    1. There was a sluiceway at or near the place of the accident.    Defendant contends that the accident happened about 30 feet from the sluiceway, while plaintiff claims that it happened at the sluiceway, and that the bad condition of the road was on both sides of the sluiceway.    We think there was a fair dispute as to the location of the hole into which the plaintiff drove, and that it was a proper question for the jury. The same is also true of the length of time the condition of the highway at this point had continued, and as to whether it was sufficiently repaired the previous fall.    We cannot agree with the defendant's contention that there was no dispute upon these points.    It is unnecessary to set forth the testimony.    We think it would have been error for the court to direct a verdict for the defendant.

2. We think the question of contributory negligence was properly submitted to the jury.    Plaintiff had driven in safety over this place the day before and the fall before.    Others had driven over in safety.    Many teams may be driven safely over an unsafe place, but this is not

conclusive upon the condition of the road or negligence of the traveler.  Highways are made for use, and travelers are not prohibited from using them because there are mudholes in them.   In such cases they must exercise due care in driving, and greater care than they would where the road is in good condition.   There is no evidence to show that plaintiff could have avoided driving over this place.

We also do not think plaintiff was, as a matter of law, guilty of contributory negligence in riding upon his load. There is sometimes as much danger, when driving over or along bad places, in walking at the side of the load, as there is in riding on top of it.   We think all the questions were properly and fairly submitted to the jury.

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.